**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 13-4288
_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JORGE ANTONIO HERRERA-CASTANEDA, a/k/a Antonio Herrera
Castaneda,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:12-cr-00328-NCT-1)

_____

Submitted:  October 24, 2013      Decided:  November 5, 2013

_____

Before WILKINSON, KING, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen III, Federal Public Defender, Mireille P. Clough,
Assistant Federal Public Defender, Winston-Salem, North
Carolina, for Appellant.  Ripley Rand, United States Attorney,
Kyle P. Pousson, Special Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Antonio Herrera-Castaneda pled guilty, pursuant to a written plea agreement, to illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a) & (b)(2) (2012). The district court sentenced Herrera-Castaneda to twenty-four months' imprisonment, a term at the top of his properly calculated Sentencing Guidelines range. On appeal, Herrera-Castaneda challenges the substantive reasonableness of the sentence, contending that it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2006). Finding no reversible error, we affirm.

We review Herrera-Castaneda's sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). When reviewing a sentence for substantive reasonableness, we "examine[] the totality of the circumstances," and, if the sentence is within the properly calculated Guidelines range, apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that Herrera-Castaneda's twenty-four-month within-Guidelines sentence is substantively reasonable, as Herrera-Castaneda fails to overcome the appellate presumption of reasonableness afforded his sentence. The district court considered the § 3553(a) factors, noting Herrera-Castaneda's criminal past and lack of respect for the law as reflected in his repeat illegal reentries into the United States. Moreover, the court acknowledged the arguments Herrera-Castaneda made in mitigation and considered Herrera-Castaneda's particular needs in crafting his sentence, recommending that he receive substance abuse treatment. In sum, we conclude that the district court acted within its discretion by finding that Herrera-Castaneda's twenty-four-month sentence was not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3